```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

CONNIE CLARKE,                   )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      No.  10 C 7145
                                 )
ALLSTATE INSURANCE COMPANY,      )
                                 )
            Defendant.           )
```

<u>AMENDMENT TO SEPTEMBER 20, 2011 ORDER</u>

On September 20, 2011 this Court, in compliance with the teaching of <u>Lee v. Cook County</u>, 635 F.3d 969, 971 (7th Cir. 2011), ordered the severance of each of the named parties plaintiff other than Connie Clarke, with each of the severed parties then to become a plaintiff in her individual action with a separate docket number. This memorandum order will amend the September 20 order ("Order") to clarify some of the aspects applicable to the severed plaintiffs.

Because severance under Fed. R. Civ. P. ("Rule") 21 results in independent actions (see 4 <u>Moore's Federal Practice</u> §21.06[1](2011 ed.)), the subject of filing fees payable in connection with those actions needs to be addressed. In this Court's view that subject should be dealt with in exactly the same fashion as if the now-severed plaintiffs had instituted separate actions to begin with. Were that not the case, each of the 24 original plaintiffs would gain her ticket of entry to the federal courts at a bargain basement price of less than $15.

There is no rational predicate for permitting parties to hook up as plaintiffs under the liberal reading of Rule 20(a)(1) taught by <u>Lee</u> and to piggyback onto payment of a single $350 filing fee even though severance is clearly called for. It is scarcely necessary to elaborate on the potential for abuse if that were the operative rule. Indeed, a $350-per-case requirement is fully consonant with the dictate of 28 U.S.C. §1914(a).

That filing fee requirement points up the procedural awkwardness for the Clerk's Office if the provisions of Order ¶3 that appear to call for a <u>current</u> opening of all of the cases with separate docket numbers were to be followed literally. Instead this Court orders that for Clerk's Office procedural purposes the filing of each severed plaintiff's action will be treated as having taken place at the time that she files her amended complaint as provided in Order ¶6, together with her payment of the filing fee or, if appropriate, a completed application to proceed in forma pauperis.

All other provisions of the Order--the effective filing date of July 28, 2011 specified in Order ¶3's second sentence, the filing directions as to each docketed action provided for in Order ¶4, the method of assignment of the separate cases to judges of this District Court provided for in Order ¶5 and the timetable for filing the separate actions prescribed in

Order ¶6--remain in full effect. If any of the severed plaintiffs does not file her amended complaint within the time specified in Order ¶6, she will be deemed to have elected not to proceed with the claim set out in the First Amended Complaint.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: September 23, 2011